**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A.S.A.P. LOGISTICS, LTD.,<br><br>    Plaintiff,<br><br>  v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC.,<br><br>    Defendant. | **DEFENDANT UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>Case No. \_\_20cv4553\_\_ |

  PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant UPS Supply Chain Solutions, Inc. ("UPS-SCS"), by and through its undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of Queens, Index No. 714336/2020, to the United States District Court for the Eastern District of New York, and states the following grounds for removing this action:

  1. On August 27, 2020, Plaintiff A.S.A.P. Logistics, Ltd. commenced an action in the Supreme Court of the State of New York, County of Queens, entitled *A.S.A.P. Logistics, Ltd. v. UPS Supply Chain Solutions, Inc.*, Index No. 714336/2020 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon UPS in the State Court Action are attached to this Notice collectively as **Exhibit A**.

  2. UPS has not pleaded or answered in the State Court Action.

  3. UPS was served with the summons and complaint in the State Court Action by personal service on August 28, 2020. This notice is therefore timely under 28 U.S.C. § 1446(b).

  4. The Supreme Court of the State of New York, County of Queens is located within the Eastern District of New York. This notice is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

sf-4335617

5. The Complaint alleges that UPS-SCS "intentional[ly] fail[ed] and refus[ed] to timely ship goods, consisting of some 2.3 million masks, that were on order from a substantial customer" by "knowingly . . . bumping plaintiff's freight off the airline and putting someone else's freight ahead." (Compl. ¶¶ 4-5.) According to the Complaint, this resulted in the cancellation of the orders for the masks and caused Plaintiff to sustain $3.2 million in damages. (*Id.* ¶ 4.) The Complaint also alleges that UPS-SCS "engaged in price gouging." (*Id.* ¶ 6.) The Complaint seeks to hold UPS-SCS liable for $3.2 million in damages, plus "a determination of additional monies due from [UPS-SCS] by reason of its price gouging[,]" and "such other and further relief as the Court may deem just and proper." (*Id.* at 3.)

### I. PLAINTIFF'S COMPLAINT IS REMOVABLE ON THE BASIS OF FEDERAL QUESTION JURSIDICTION UNDER THE MONTREAL CONVENTION.

6. Removal is proper here because Plaintiff's claims against UPS-SCS relating to the alleged delay of air freight shipments arise under, and are completely preempted by, the *Convention for the Unification of Certain Rules for International Carriage by Air*, adopted May 28, 1999 ("the Montreal Convention"), and, thus, present substantial questions of federal law.

7. Where, as here, a plaintiff's claims are based on alleged delay in international air carriage of passengers, baggage, or cargo, the claims fall within the purview of, and are pre-empted by, the Montreal Convention. *See Lynda v. JetBlue Airways Corporation*, No. 20-cv-47, 2020 WL 3104069 at *4-*5 (E.D.N.Y. June 11, 2020) (finding plaintiff's claims that he was "delayed in the carriage by air of his person and that he sustained damages as a result of the delay" preempted by Article 19 of the Montreal Convention); *Booker v. BWIA West Indies Airways Ltd.*, 2007 WL 1351927 at *3 (E.D.N.Y. May 8, 2007) (plaintiff's state law claims arising from the delay of plaintiff's baggage are "clearly within the scope of the Montreal

Convention" and are thus preempted); *Minhas v. Biman Bangladesh Airlines*, No. 97 CIV 4920, 1999 WL 447445 at *2-*3 (S.D.N.Y. June 30, 1999) (claims arising from a delay in transportation due to "bumping" are within the scope of Article 19 of the Montreal Convention); *Ikekpeazu v. Air France*, No. 3:04 CV 00711, 2004 WL 2810063 at *2 (D. Conn. Dec. 6, 2004) ("Article 19 [of the Montreal Convention] provides that the carrier shall be liable for damages occasioned by delay in the transportation by air of passengers, baggage, or goods. Plaintiff's allegations of financial injury resulting from the delay [in his transportation by air] provide a basis for a claim under . . . Article [19]").

8. Furthermore, when applicable, the Montreal Convention "completely preempts" state law claims for the purpose of removal jurisdiction, even when no federal claim appears on the face of the complaint. *See, e.g., Masudi v. Brady Cargo Servs.*, No. 12-CV-2391, 2014 U.S. Dist. LEXIS 125305, at *7 (E.D.N.Y. Sep. 8, 2014) (state law claims within Montreal Convention are removable to federal court under complete preemption doctrine); *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386–87 (E.D.N.Y. 2012) (explaining that "the Montreal Convention is the exclusive means of redressing injuries that fall within its purview" and "*provides the exclusive cause of action for such claims and therefore has complete preemptive power,*" allowing removal of state law claims within its scope) (emphasis added); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F. Supp. 2d 343, 362 (E.D.N.Y. 2012) ("The remedy the [Montreal] Convention provides against international air carriers and their agents is *exclusive . . . it preempts all state law claims for damages against air carriers and their agents*") (emphasis added); *Olaya v. American Airlines, Inc.*, No. 08-CV-4853, 2009 WL 3242116, at *1 (E.D.N.Y. Oct. 06, 2009) ("the Montreal Convention has been construed has having a complete preemptive effect over all federal and state law claims that fall within its substantive scope"); *In*

sf-4335617

*re Nigeria Charter Flights Contract Litigation*, 520 F. Supp. 2d 447, 453 (E.D.N.Y. 2007) ("The Second Circuit has declared of the Warsaw Convention that all state law claims that fall within the scope of the Convention are preempted."); *see also Ginsberg v. American Airlines*, No. 09 Civ. 3226, 2010 WL 3958843 at *3 (S.D.N.Y. Sept. 27 2010) ("Like the Warsaw Convention, the Montreal Convention has been construed as having a complete preemptive effect over all claims within its scope"); *AIG Prop. & Cas., Co. v. Fed. Express Corp.*, No. 15-cv-6316, 2016 U.S. Dist. LEXIS 8355, at *9 (S.D.N.Y. Jan. 25, 2016) ("like the earlier Warsaw Convention, the Montreal Convention completely preempts claims brought under state law").

9. Accordingly, any claims within the scope of the Montreal Convention (even when alleged as state law claims) arise under federal law and are properly removed to federal court on that basis. *See Mateo*, 847 F. Supp. 2d at 386-87 (finding that the court had jurisdiction over plaintiffs' state law claims and the action was therefore properly removed to federal court because plaintiffs' claims were completely preempted by the Montreal Convention and thus arose under federal law); *Kamanou-Goune v. Swiss Int'l Airlines,* No. 08 CIV. 7153, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009) ("The Montreal Convention is considered federal law for subject matter jurisdiction purposes and is the supreme law of the land.").

10. Plaintiff's claims here fall within the purview of the Montreal Convention because they arise out of the alleged delay of an international air shipment of cargo. (*See* Compl. ¶¶ 4-5.) Plaintiff's claims related to the alleged delay are therefore subject to this Court's original jurisdiction.

11. For the reasons stated above, this court has original jurisdiction over this action pursuant to 28 U.S.C. § 1337(a), and this action is removable pursuant to 28 U.S.C. § 1441(a).

## II. NOTICE TO STATE COURT AND OTHER PARTIES

12. Counsel for UPS certifies that a copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of Queens, and written notice is being provided to all other parties.

WHEREFORE, UPS gives notice that the above-described action pending against it in the Supreme Court of the State of New York, County of Queens is removed to this Court.

Dated: September 25, 2020
New York, New York

MORRISON & FOERSTER LLP

*/s/* Steven T. Rappoport
Steven T. Rappoport
250 West 55th Street
New York, New York 10019
(212) 468-8000
SRappoport@mofo.com

*Counsel for Defendant United Parcel Service, Inc.*